**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0329-23

IN THE MATTER OF THE
EXPUNGEMENT OF THE
CRIMINAL RECORDS OF
SONIA HARRIS.

_____

Submitted May 5, 2025 – Decided July 21, 2025

Before Judges Gummer and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. XP-22-001776.

Lomurro Munson, LLC, attorneys for appellant Sonia Harris (Emeka Nkwuo, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent State of New Jersey (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Petitioner Sonia Harris appeals from a September 28, 2023 order denying her petition for expungement of her criminal record. The trial court denied the petition, finding the need for the availability of the record outweighed the

petitioner's benefit from the expungement.  Because the trial court properly held that the need for the availability of petitioner's criminal records outweighed the benefits of expungement pursuant to N.J.S.A. 2C:52-14, we affirm.

I.

Petitioner is a former attorney who obtained her Juris Doctor from Seton Hall University School of Law and her Master of Business Administration from Rutgers University.  As an attorney, petitioner represented George Shamond Scott, a real estate developer.  State v. Harris, 373 N.J. Super. 253, 257 (App. Div. 2004).  Scott would contract to buy property and sell it before legally acquiring it.  He "also purchased property and acquired multiple mortgages without paying off the existing mortgage."  Ibid.  Petitioner:

> was the closing attorney in some of these transactions. [Petitioner] failed to file and record title documents and failed to disclose pre-existing mortgages.  [Petitioner] also maintained an attorney trust account for the funds derived from the illicit transactions and drew checks to the order of Scott, to cash, or to another recipient.  Scott paid [petitioner] a total of $14,000 in legal fees.
>
> [Ibid.]

On April 6, 2001, a Union County Grand Jury charged petitioner with:  (1) first-degree conspiracy to commit money laundering, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:21-25(c); (2) first-degree money laundering, N.J.S.A. 2C:21-

25(b)(1), and N.J.S.A. 2C:20-6; (3) second-degree conspiracy to commit theft by deception, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:20-4; (4) second-degree theft by deception, N.J.S.A. 2C:20-4 and N.J.S.A. 2C:2-6; and (5) second-degree misapplication of entrusted property, N.J.S.A. 2C:21-15 and N.J.S.A. 2C:2-6. Id. at 256. On July 5, 2002, a jury convicted her on all counts. Id. at 257. Petitioner was sentenced to eighteen years of incarceration and ordered to pay $110,405 in restitution, fines, and fees. Ibid. On July 10, 2006, defendant was released on parole.

In April 2007, petitioner was hired as an assistant assessor for the City of East Orange Department of Property Taxation. However, petitioner could not obtain a certification to become a certified tax assessor because of her prior criminal conviction. Due to this obstacle, in 2022, petitioner filed a petition for expungement, requesting the court grant an expungement order as authorized by N.J.S.A. 2C:52-1 to -32.1. The State objected, arguing the need for the availability of the records outweighed any benefit expungement might confer on petitioner. The State also claimed petitioner's eligibility could not be determined at the time the petition was filed because of the pending restitution, fines, and fees in the amount of $110,405 and requested proof of payment.

At the subsequent hearing, when asked if petitioner had made payments on the $110,405 owed in restitution and fines, petitioner explained the money had been taken out of her tax refunds. When the trial court requested proof of payment, petitioner was unable to provide proof, stating the amount had been converted to a judgment.

The trial court denied the petition for expungement, finding "the offenses that [petitioner] was convicted of and sentenced to [eighteen] years for . . . undermined the public's confidence in the legal system" but also noting, "this court certainly commends [petitioner] that she has been out since 2006. She has been gainfully employed since 2007. And those facts weigh in her favor."

Referencing N.J.S.A. 2C:52-14(b), the court stated, "[a] petition shall be denied when the need for the availability of the record outweighs the desirability of having a person freed from any disabilities as otherwise provided in this Chapter." In denying the petition, the judge explained:

> [M]y concern is that [petitioner] was in a licensed position of trust to the public when she committed these offenses. They were financial crimes. And although I know she has been in the position since 2007, I believe that the Licensing Board, as well as any potential future employers have a right to know that [petitioner] was convicted of very serious first- and second-degree crimes, in fraudulent financial transactions, for which she was convicted and sentenced to a significant period of incarceration.

4

The judge held:

> [Petitioner] betrayed her trust as an attorney.  She took an oath of office when she became an attorney.  And she violated those oath [sic], and she was disbarred for it.  And I do think that in this situation the public, the Licensing Board, and future employers have a right to know based on the seriousness of the offense, and the fact that it is a financial position, a fiduciary position that she is seeking, and she was in a fiduciary position when she committed these offenses.  I do think that in this particular situation the public, future employers[,] and a Licensing Board their need to know outweighs [petitioner's] need to be free from these disabilities.

This appeal followed.

## II.

Because a trial court's denial of an expungement petition and its statutory interpretation of N.J.S.A. 2C:52-2(a) and N.J.S.A. 2C:52-14(b) are legal determinations, our review is de novo.  See In re Expungement Application of K.M.G., 477 N.J. Super. 167, 173 (App. Div. 2023) ("Our review of statutory interpretation is 'de novo, unconstrained by deference to the decisions of the trial court.'" (quoting State v. Grate, 220 N.J. 317, 329 (2015))); In re Kollman, 210 N.J. 557, 578 (2012) ("We review legal questions de novo.").

On appeal, petitioner argues the State presented insufficient evidence that the need for the availability of records outweighs any benefit of expungement,

and the court considered irrelevant factors in the denial of petitioner's expungement petition.

Pursuant to N.J.S.A. 2C:52-2(a), a petitioner may petition for expungement five years after completing his or her sentence without a subsequent conviction. Kollman, 210 N.J. at 562 (citing N.J.S.A. 2C:52-2(a)). A petitioner who applies for expungement has the "initial burden to satisfy the requirements of the expungement statute by a preponderance of the evidence." In re Petition for Expungement of the Crim. Rec. Belonging to T.O., 244 N.J. 514, 524 (2021). In that regard, petitioners must present verified petitions establishing certain facts. See N.J.S.A. 2C:52-7 to -8. Among the representations a petitioner must establish are that she does not "otherwise have any subsequent conviction for another crime or offense in addition to those convictions included in the expungement application, whether any such conviction was within this State or any other jurisdiction," and more than five years have elapsed from the petitioner's "most recent conviction, payment of any court-ordered financial assessment, satisfactory completion of probation or parole, or release from incarceration." N.J.S.A. 2C:52-2(a), -8.

After the petitioner satisfies that burden, the State may still object to the expungement based on one of the grounds listed in N.J.S.A. 2C:52-14 and must

6

demonstrate by a preponderance of the evidence why the petition for expungement should not be granted. T.O., 244 N.J. at 524-25; Kollman, 210 N.J. at 573.

Pursuant to N.J.S.A. 2C:52-14(b), an expungement may be denied if the need for availability of records outweighs the benefits of expungement. See T.O., 244 N.J. at 525; Kollman, 210 N.J. at 570. N.J.S.A. 2C:42-14(b) requires:

> a qualitative assessment of the public and private interests at stake, which does not turn on the fact of a conviction. Otherwise, because most petitioners have a prior conviction they are seeking to expunge, section 14(b) could override much of the expungement scheme. Instead, the section places the burden on the objector to assert grounds that might weigh against expungement. Those grounds could include, among other things, the circumstances of a particular offense, details about what the [petitioner] did, and the harm the person caused.
>
> [T.O., 244 N.J. at 536.]

The judge correctly determined the need for the availability of records outweighed the benefits of expungement. Petitioner committed serious financial crimes and is now attempting to expunge her record to obtain a job in the financial field where she would act in a fiduciary capacity. Because the trial court properly considered all relevant factors, we affirm the denial of the petition.

A-0329-23

We reject petitioner's argument that the trial court relied on the clean slate statute, N.J.S.A. 2C:52-5.3, to deny expungement. Petitioner contends the court improperly considered the argument that petitioner would be eligible for a clean slate expungement. The clean slate statute provides any person "not otherwise eligible to present an expungement application pursuant to any other section of chapter 52 of Title 2C of the New Jersey Statutes" may submit a petition for expungement "after the expiration of a period of ten years from the date of the person's most recent conviction, payment of any court-ordered financial assessment, satisfactory completion of probation or parole, or release from incarceration, whichever is later." N.J.S.A. 2C:52-5.3(a), (b). Importantly, petitioners eligible for expungement pursuant to any other section of the statute may not apply for expungement pursuant to the clean slate statute. K.M.G., 477 N.J. Super. at 176.

Petitioner argues the trial court improperly considered the argument she would be eligible for a clean slate expungement, contending the intent of the Legislature in implementing the clean slate statute is for the automatic expungement of the records of all eligible petitioners, and N.J.S.A. 2C:52-14(b) "should not be used arbitrarily [to] deny eligible [petitioners] of expungements

8                                                                                    A-0329-23

because the [p]rosecutor does not like the crime." Her argument is belied by the record.

The trial court did not improperly consider the clean slate statute. The trial court aptly found, "I have absolutely nothing before me that indicates this is going to be automatically granted, in an automatic system" and "[c]lean [s]late only applies when you don't qualify under any other part of the [s]tatute."

Finally, petitioner argues the trial court erred by improperly shifting the burden to petitioner and making factual determinations based upon representations by the prosecutor. We disagree. After finding that petitioner had met the burden of satisfying the expungement statute's requirements by a preponderance of the evidence, despite the lack of evidence of the payment of the monetary aspect of the sentence, the trial court properly shifted the burden to the State and ultimately found the State met its burden of demonstrating the need for petitioner's records outweighed the benefits of expungement. Accordingly, the trial court properly denied the expungement petition.

To the extent we have not addressed any of petitioner's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9                                                              A-0329-23